UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| JERRY JOHNSON, ) | | |
| RYAN UNDERWOOD, ) | | |
| CARISSA MILLER, and ) | | |
| JEREMY GILBERT, each individually, ) | | |
| and as surviving children, heirs at law, and ) | | |
| and next of kin of ) | Case No. 2:24-cv-00018 | |
| TANYA J. JOHNSON, deceased, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | | |
| ) | | |
| SPERRY TENTS SOUTHEAST, LLC; and, ) | | |
| ANDREW MCCOY, d/b/a ) | | |
| MCCOY EVENT PROFESSIONALS, and, ) | | |
| also d/b/a ) | | |
| SAVANNAH VINTAGE and EVENT RENTALS; ) | | |
| and, ROBERT JAMES CHERMELY, ) | | |
| ) | | |
| Defendants. | | |

## ROBERT JAMES CHERMELY ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

COMES NOW Defendant Robert James Chermely, ("Defendant"), by and through the undersigned counsel, and hereby file this Answer and Affirmative Defenses to Plaintiffs' Complaint ("Complaint"), showing this Honorable Court as follows:

## ANSWER

1. Defendant is without sufficient knowledge or information to admit or deny the allegations in ¶ 1 of the Complaint and, therefore, denies same.

2. Defendant is without sufficient knowledge or information to admit or deny the allegations in ¶ 2 of the Complaint and, therefore, denies same.

3. Defendant is without sufficient knowledge or information to admit or deny the

allegations in ¶ 3 of the Complaint and, therefore, denies same.

4. Defendant is without sufficient knowledge or information to admit or deny the allegations in ¶ 4 of the Complaint and, therefore, denies same.

5. Concerning the allegations in ¶ 5 of the Complaint, such allegations are directed to Defendant Sperry Tents Southeast LLC ("Sperry Tents") and, as such, require no response by Defendant to the extent a response is required, Defendant is without information or knowledge sufficient to admit or deny the allegations in ¶ 5 of the Complaint and, therefore, denies.

6. Concerning the allegations in ¶ 6 of the Complaint, such allegations are directed to Defendant Andrew McCoy ("McCoy") and, as such, require no response by Defendant to the extent a response is required, Defendant is without information or knowledge sufficient to admit or deny the allegations in ¶ 6 of the Complaint and, therefore, denies same.

7. Defendant admits he is an individual with the address of 167 Ash Street, Springfield, Georgia 31329. Defendant denies remaining allegation in ¶ 7 of the Complaint..

8. Defendant denies the allegations in ¶ 8 of the Complaint.

## JURISIDICTION, VENUE AND PRELIMINARY FACTS

9. Defendant admits venue is proper in this pending matter. Defendant denies the allegations set forth in ¶ 9 of the Complaint to the extent they are consistent with the foregoing.

10. Defendant denies the allegations in ¶ 10 of the Complaint.

11. Defendant denies the allegations in ¶ 11 of the Complaint.

12. Defendant denies the allegations in ¶ 12 of the Complaint.

13. Defendant denies the allegations in ¶ 13 of the Complaint.

14. Concerning the allegations in ¶ 14 of the Complaint, such allegations are directed to Defendant McCoy and, as such, require no response by Defendant to the extent a response is

required, Defendant is without information or knowledge sufficient to admit or deny the allegations in ¶ 14 of the Complaint and, therefore, denies same.

15. Concerning the allegations in ¶ 15 of the Complaint, such allegations are directed to Defendant McCoy and, as such, require no response by Defendant to the extent a response is required, Defendant is without information or knowledge sufficient to admit or deny the allegations in ¶ 15 of the Complaint and, therefore, denies same.

16. Defendant denies the allegations in ¶ 16 of the Complaint.

17. Defendant is without sufficient knowledge or information to admit or deny the allegations in ¶ 17 of the Complaint and, therefore, denies same.

**WRONGFUL DEATH/SURVIVAL ACTION OF PLAINTIFFS**

18. Defendant incorporates its responses to the preceding paragraphs as if fully restated herein.

19. Defendant denies the allegations in ¶ 19 of the Complaint.

20. Defendant is without sufficient knowledge or information to admit or deny the allegations in ¶ 20 of the Complaint and, therefore, denies same.

21. Defendant is without sufficient knowledge or information to admit or deny the allegations in ¶ 21 of the Complaint and, therefore, denies same.

22. Defendant denies the allegations in ¶ 22 of the Complaint.

23. Defendant denies the allegations in ¶ 23 of the Complaint.

24. Defendant denies the allegations in ¶ 24 of the Complaint.

25. Defendant is without sufficient knowledge or information to admit or deny the allegations in ¶ 25 of the Complaint and, therefore, denies same.

## NEGLIGENT SELECTION, HIRING, SUPERVISION, AND/OR ENTRUSTMENT BY DEFENDANTS

26. Defendant incorporates its responses to the preceding paragraphs as if fully restated herein.

27. Concerning the allegations in ¶ 27 of the Complaint, such allegations are directed to Defendant McCoy and, as such, require no response by Defendant to the extent a response is required, Defendant is without information or knowledge sufficient to admit or deny the allegations in ¶ 27 of the Complaint and, therefore, denies same.

28. Defendant denies the allegations in ¶ 28 of the Complaint.

29. Defendant is without sufficient knowledge or information to admit or deny the allegations in ¶ 29 of the Complaint and, therefore, denies same.

30. Defendant denies the allegations in ¶ 30 of the Complaint.

31. Defendant denies the allegations in ¶ 31 of the Complaint.

32. Defendant denies the allegations in ¶ 31 of the Complaint.

## NEGLIGENT FAILURE TO IMPLEMENT ADEQUATE SAFETY MANAGEMENT CONTROLS TO MEET SAFETY STANDARDS BY DEFEDANTS

33. Defendant incorporates its responses to the preceding paragraphs as if fully restated herein.

34. Defendant denies the allegations in ¶ 34 of the Complaint.

35. Defendant denies the allegations in ¶ 35 of the Complaint.

36. Defendant denies the allegations in ¶ 36 of the Complaint.

## NEGLIGENCE BY DEFENDANT CHERMLEY

37. Defendant incorporates its responses to the preceding paragraphs as if fully restated herein.

38. Concerning the allegations in ¶ 38 of the Complaint, such allegations are directed to Defendant Chermely and, as such, require no response by Defendant to the extent a response is required, Defendant is without information or knowledge sufficient to admit or deny the allegations in ¶ 38 of the Complaint and, therefore, denies same.

39. Concerning the allegations in ¶ 39 of the Complaint, such allegations are directed to Defendant Chermely and, as such, require no response by Defendant to the extent a response is required, Defendant is without information or knowledge sufficient to admit or deny the allegations in ¶ 39 of the Complaint and, therefore, denies same.

40. Concerning the allegations in ¶ 40 of the Complaint, such allegations are directed to Defendant Chermely and, as such, require no response by Defendant to the extent a response is required, Defendant is without information or knowledge sufficient to admit or deny the allegations in ¶ 40 of the Complaint and, therefore, denies same.

41. Concerning the allegations in ¶ 41 of the Complaint, such allegations are directed to Defendant Chermely and, as such, require no response by Defendant to the extent a response is required, Defendant is without information or knowledge sufficient to admit or deny the allegations in ¶ 41 of the Complaint and, therefore, denies same.

42. Concerning the allegations in ¶ 42 of the Complaint, such allegations are directed to Defendant Chermely and, as such, require no response by Defendant to the extent a response is required, Defendant is without information or knowledge sufficient to admit or deny the allegations in ¶ 42 of the Complaint and, therefore, denies same.

43. Concerning the allegations in ¶ 43 subsections (A) – (E) of the Complaint, such allegations are directed to Defendant Chermely and, as such, require no response by Defendant to the extent a response is required, Defendant is without information or knowledge sufficient to

admit or deny the allegations in ¶ 43 subsections (A) – (E) of the Complaint and, therefore, denies same.

### NEGLIGENCE *PER SE* BY DEFENDANTS

44. Defendant incorporates its responses to the preceding paragraphs as if fully restated herein.

45. Defendant denies the allegations in ¶ 45 (A) – (D) of the Complaint.

46. Defendant denies the allegations in ¶ 46 of the Complaint.

47. Defendant denies the allegations in ¶ 47 (A) – (E) of the Complaint.

48. Defendant denies the allegations in ¶ 48 of the Complaint.

49. Defendant denies the allegations in ¶ 47 (A) – (O) of the Complaint.

50. Defendant denies the allegations in ¶ 50 of the Complaint.

### GROSS NEGLIGENCE BY DEFENDANTS

51. Defendant incorporates its responses to the preceding paragraphs as if fully restated herein.

52. Defendant denies the allegations in ¶ 52 of the Complaint.

53. Defendant denies the allegations in ¶ 53 of the Complaint.

54. Defendant denies the allegations in ¶ 54 of the Complaint.

### LOSS OF CONSORTIUM

55. Defendant incorporates its responses to the preceding paragraphs as if fully restated herein.

56. Defendant is without sufficient knowledge or information to admit or deny the allegations in ¶ 56 of the Complaint and, therefore, denies same.

## IMPUTED AND/OR VICARIOUS, LIABILITY; AGENCY, SUPERVISORY, AND *RESPONDEAT SUPERIOR* RELATIONSHIPS

57. Defendant incorporates its responses to the preceding paragraphs as if fully restated herein.

58. Defendant denies the allegations in ¶ 58 of the Complaint.

59. Defendant denies the allegations in ¶ 59 of the Complaint.

60. Defendant denies the allegations in ¶ 60 of the Complaint.

61. Defendant denies the allegations in ¶ 61 of the Complaint.

62. Defendant denies the allegations in ¶ 62 of the Complaint.

63. Defendant denies the allegations in ¶ 63 of the Complaint.

64. Defendant denies the allegations in ¶ 64 of the Complaint.

65. Defendant denies the allegations in ¶ 65 of the Complaint.

66. Defendant denies the allegations in ¶ 66 of the Complaint.

67. Defendant denies the allegations in ¶ 67 of the Complaint.

68. Defendant denies the allegations in ¶ 68 of the Complaint.

69. Defendant denies the allegations in ¶ 69 of the Complaint.

70. Defendant is without sufficient knowledge or information to admit or deny the allegations in ¶ 70 of the Complaint and, therefore, denies same.

71. Defendant denies the allegations in ¶ 71 of the Complaint.

72. Defendant incorporates its responses to the preceding paragraphs as if fully restated herein.

73. Defendant denies the allegations in ¶ 73 of the Complaint.

74. Defendant denies the allegations in ¶ 74 of the Complaint.

75. Defendant denies the allegations in ¶ 75 of the Complaint.

76. Defendant denies the allegations in ¶ 76 of the Complaint.

77. Defendant denies the allegations in ¶ 77 of the Complaint.

78. Defendant denies the allegations in ¶ 78 of the Complaint.

## ALTER EGO LIABILITY: *PIERCE THE ENTITY VEIL*

79. Defendant incorporates its responses to the preceding paragraphs as if fully restated herein.

80. Defendant denies the allegations in ¶ 80 of the Complaint.

81. Defendant denies the allegations in ¶ 81 of the Complaint.

82. Defendant denies the allegations in ¶ 82 of the Complaint.

83. Defendant denies the allegations in ¶ 83 of the Complaint.

84. Defendant denies the allegations in ¶ 84 of the Complaint.

85. Defendant denies the allegations in ¶ 85 of the Complaint.

86. Defendant denies the allegations in ¶ 86 of the Complaint.

87. Concerning the allegations in ¶ 87 of the Complaint, such allegations are directed to Defendant McCoy and, as such, require no response by Defendant to the extent a response is required, Defendant is without information or knowledge sufficient to admit or deny the allegations in ¶ 87 of the Complaint and, therefore, denies same.

88. Concerning the allegations in ¶ 88 of the Complaint, such allegations are directed to Defendant McCoy and, as such, require no response by Defendant to the extent a response is required, Defendant is without information or knowledge sufficient to admit or deny the allegations in ¶ 88 of the Complaint and, therefore, denies same.

89. Defendant denies the allegations in ¶ 89 of the Complaint.

90. Defendant denies the allegations in ¶ 90 of the Complaint.

## DAMAGES

91. Defendant incorporates its responses to the preceding paragraphs as if fully restated herein.

92. Defendant is without sufficient knowledge or information to admit or deny the allegations in ¶ 92 of the Complaint and, therefore, denies same.

93. Defendant denies the allegations in ¶ 93 of the Complaint.

94. Defendant is without sufficient knowledge or information to admit or deny the allegations in ¶ 94 of the Complaint and, therefore, denies same.

95. Defendant is without sufficient knowledge or information to admit or deny the allegations in ¶ 95 of the Complaint and, therefore, denies same.

96. Defendant denies the allegations in ¶ 96 of the Complaint.

97. Defendant denies the allegations in ¶ 97 of the Complaint.

98. Defendant denies the allegations in ¶ 98 of the Complaint.

## JURY DEMAND

99. Defendant incorporates its responses to the preceding paragraphs as if fully restated herein.

100. Defendant admits Plaintiff demands a trial by jury of twelve (12).

## AFFIRMATIVE DEFENSES

### First Defense

If proven applicable through pretrial discovery and investigation, Claimants' Complaint should be dismissed as time-barred by the applicable statute of limitations and statute of repose codified at T.C.A. § 29-26-116.

### Second Defense

Defendant denies that it is engaged in negligent conduct or that it breached any duty owed to Plaintiffs, and strict proof of the alleged act of negligence and breach of duty owed by Defendant to Plaintiffs is demanded.

### Third Defense

No act or omission attributable to this Defendant was the cause in fact or legal cause of injury to Plaintiffs, or any other outcome, which would not have otherwise occurred.

### Fourth Defense

The Complaint fails to state a claim upon which relief can be granted for punitive damages, and the Claimants' claim for punitive damages should be dismissed.

### Fifth Defense

Defendant preserves and affirmatively asserts all available defenses for any failure of Claimants' to comply with T.C.A. §§ 29-26-121 and 29-26-122 and requests that the Arbitrator dismiss this action with prejudice.

### Sixth Defense

Defendant denies any liability in this matter. However, Claimants' recovery of noneconomic and/or punitive damages sought against this Defendant, if any alleged, are limited by the Tennessee Civil Justice Act of 2011, namely T.C.A. § 29-39-101, et seq.

### Seventh Defense

Although Defendant denies any liability in this matter, to the extent Defendant is found liable, it averts that Claimants' recover of noneconomic damages, if any, are capped pursuant to the T.C.A. § 29-39-102.

### Eighth Defense

Claimant's alleged injuries, damages, and losses were not caused by any alleged act or omission of Defendant.

### Ninth Defense

Upon information and belief, Claimants' injuries and damages, if any, may have been a direct and proximate result of Claimants' own negligence, which negligence bars or comparatively diminishes Claimants' right of recovery.

### Tenth Defense

Upon information and belief, Claimants' injuries and damages, if any, may have been the result of one or more pre-existing conditions.

### Eleventh Defense

Claimants' claims may have been proximately caused by unforeseeable, independent, intervening or superseding events beyond the control and unrelated to the conduct of Defendant. Defendant's actions and omissions, if any, were superseded by such unforeseeable, independent, intervening and superseding events, and as such, Defendant is not liable.

### Twelfth Defense

Defendant asserts all affirmative defenses available under state statutes and regulations, including, but not limited to, Tenn. Code Ann. Title 68, Chapter 11, Part 2 and Tenn. Comp. R. Reg. 0720-26, formerly Chapter 1200-8-25, and related judicial authorities interpreting and applying them.

### Thirteenth Defense

Claimants are not entitled to attorney fees.

### Fourteenth Defense

Claimants' claims are be barred by contracts/agreements between the parties.

### Fifteenth Defense

Claimants' claims for negligence per se fail to state a claim upon which relief can be granted.

### Sixteenth Defense

Claimants' claims for negligence per se fail to state a claim upon which relief can be granted.

### NOTICE AND RESERVATION OF RIGHT TO AMEND

Defendant reserves the right to add additional defenses, and/or withdraw one of more of its existing defenses, as warranted, or delete any defenses as may be appropriate as discovery progresses and as necessary for trial.

### JURY DEMAND

Defendant demands trial to a jury.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant James Robert Chermely hereby pray for the following relief from this Honorable Court:

1. For Plaintiffs' claims against them to be denied and dismissed with prejudice;

2. For trial by full jury;

3. For all costs and fees associated with this action to be taxed against Plaintiff; and

4. For such other and further relief as this Honorable Court deems just and proper.

DEFENDANTS HEREBY DEMAND A TRIAL BY JURY OF TWELVE.

Respectfully submitted this 22nd day of March, 2024.

**GORDON, REES, SCULLY, MANSUKHANI, LLP**

*/s/ Marcus Shute, Jr.*
Heather Gwinn BPR # 025931
Marcus Shute, Jr. BPR # 034032
4031 Aspen Grove Drive, Suite 290
Franklin, TN 37067
hgwinn@grsm.com
mshute@grsm.com
*Attorney for Sperry Tents Southeast, LLC, Andrew McCoy d/b/a McCoy Event Professionals, and also d/b/a Savannah Vintage and Event Rentals, and Robert J. Chermley*

## CERTIFICATE OF SERVICE

I hereby certify that foregoing has been sent via electronic mail on the 22nd day of March 2024, to the following:

Anthony J. Craighead
William F. Roberson, Jr.
320 East Broad Street
Cookeville, TN 38501
Tcraighead81@gmail.com
attywfr@yahoo.com
*Attorneys for Plaintiffs*

                                                  **GORDON, REES, SCULLY, MANSUKHANKI, LLP**

                                                  */s/ Marcus Shute, Jr.*
                                                  Marcus Shute, Jr.